UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| New Tech Engineering Limited Partnership, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-13-3604 |
| | § | |
| NewTech MWD Services, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Personal Jurisdiction

1.  *Background.*
    New Tech Engineering Limited Partnership is a Texas limited partnership that helps other companies find and extract oil and gas. It was formed in 1998 and primarily works in Texas, though it has projects worldwide.

    NewTech Services, LLC, is a Russian company that drills, leases equipment, completes wells, and manages drilling. It is an oil-field services company – rather than a consultancy – that operates in Russia and the Commonwealth of Independent States.

    Engineering sued Services and a related company saying that they infringed its trademarks – "New Tech" and "New Tech Engineering."

2.  *Jurisdiction.*
    Services says that the court does not have jurisdiction because it does not work in Texas and is based in Russia. Engineering says that Services has suppliers in Texas, two directors that live in Houston, an office in Houston, a joint venture with another Texas entity, and, until recently, had a Texas parent company.

    A.  *Suppliers.*
    Engineering says that Services bought equipment and services from companies in Texas. Assuming these purchases occurred regularly, they are not systematic and continuous contacts

with Texas that confer general jurisdiction.[1] Because Engineering's lawsuit is about trademark infringement, rather than the purchases, the court does not have specific jurisdiction. Buying goods in international trade is not being in Texas.

### B.    Directors.

Engineering says that Mark Sadykhov and Lev Goldenberg are directors of Services and live in Houston. Both are also directors of other companies, including a parent company of Services. Assuming both work for Services, Engineering has not shown that they did anything on Services behalf. Assuming both acted on Services behalf, Engineering has not shown that they acted continuously or systematically to confer jurisdiction over Services.

Engineering does not argue and has not shown that the infringement of its trademark was the result of either director's activities.

### C.    Office.

Engineering says that Services has an office in Houston at 11767 Katy Freeway, Suite 1150, Houston, Texas 77079. The office belongs to the parent company – MMS Holdings Group, LLC.

### D.    Joint Venture.

Engineering says that Services has jointly ventured with Varel International – a Texas entity. Services is not the joint venturer. The venture is between Varel International and MMS Holdings Group, LLC – an indirect parent of Services.

### E.    Parent.

Engineering says that until March 2013, Services's direct parent was MMS Holdings Group, LLC. As long as the companies are distinct, the court may not impute the contacts of one to the other.[2] Engineering has shown no reason to impute Holding's contacts to Services. The corporate reshuffling is irrelevant.

---

[1] Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 418 (1984).

[2] Cannon Mftg. Co. v. Cudahy Packaging Co., 267 U.S. 333 (1925).

3.    *Conclusion.*

New Tech Engineering Limited Partnership's claims against NewTech Services, LLC, will be dismissed for want of personal jurisdiction. The court does not have personal jurisdiction over it.

Signed on April 29, 2015, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge